IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENNETH R. PITTS,
PLAINTIFF
ADC #85938

VS.	CASE NO.5:07CV00089JMM/HLJ

R. HARRIS, et al.	DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.	Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite 402
      Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the defendants' motion for reconsideration of this Court's May 10, 2007 Order granting plaintiff's application to proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983 (DE #13). The Court construes defendants' motion as one to dismiss, based on plaintiff's status as a three-striker, within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Plaintiff has filed responses in opposition to the motion (DE ##16, 17).

Plaintiff is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging excessive force, and denial of his Eighth and Fourteenth Amendment rights with respect to his placement in administration segregation in January, 2007. Specifically, plaintiff alleges that he filed an Informal Resolution Form and later a grievance, complaining that a job supervisor threatened to harm him, and to file a disciplinary violation against him, if plaintiff did not have sex with him.

Plaintiff alleges that defendants failed to properly process the grievance in an expedient manner, and later locked him in administrative segregation without cause. Plaintiff asks for monetary and injunctive relief.

## II. Motion to Dismiss

In support of their motion, defendants state that plaintiff should not be permitted to continue to proceed in forma pauperis in this action, based on the "three strikes" provision of the PLRA. Defendants state that at least three prior cases filed by plaintiff have been dismissed for failure to state a claim, and that plaintiff should not be able to continue to proceed with this lawsuit without paying the $350.00 filing fee. In further support of the motion defendants cite to one of plaintiff's prior cases in which the Court commented on plaintiff's "abusive" filings and numerous dismissals as frivolous and for failure to state a claim. See Pitts v. Swygant, 5:06cv00311JMM. Defendants also state that the present complaint does not fall within the "imminent danger" exception to the rule, because while plaintiff complains about having been threatened, such action occurred in the past, and also does not appear to serve as the basis of his complaint, which is his present incarceration in administrative segregation.

In his response, plaintiff re-states the allegations of his complaint and also appears to contest his history of three-strike filings. Plaintiff's responses also contain lengthy legal citations of PLRA cases dealing with exhaustion and failure to state a claim.

## III. Analysis

The "three strikes" provision of the PLRA states as follows:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the United

> States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, <u>unless the prisoner is under imminent danger of serious physical injury</u>.

Emphasis added.

Initially, the Court notes that plaintiff is a frequent litigator and has filed numerous cases which were ultimately dismissed for failure to prosecute and failure to exhaust his administrative remedies. In addition, several of plaintiff's prior cases were dismissed for failure to state a claim. See Pitts v. Johnson, 5:99cv00071JMM, Pitts v. Brownlee, 5:99cv00178HW, and Benton v. Gardner, 5:99cv00437GH. Therefore, plaintiff is considered a "three striker" within the meaning of the PLRA.

In addition, the Courts have held that in order to proceed in forma pauperis in an action as a "three-striker", the plaintiff must allege that at the time of the filing of the action, he was in imminent danger of serious harm within the meaning of the statute. See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998), where the Court held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger <u>at the time of filing</u>." In addition, the Court in Ashley stated, "allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g)." Id. While plaintiff alleges in his complaint that a supervisor threatened him with harm in January, 2007, he did not allege that he continued to be in imminent danger of such harm at the time of the filing of his complaint on April 26, 2007. In addition, in his responses to defendants' motion to dismiss, plaintiff does not address the imminent danger of harm exception, and does not claim that at the time of the filing of his complaint, he was in such danger.

Therefore, the Court finds that based on the allegations of plaintiff's complaint, he is

complaining about an event which occurred in the past, which does not constitute an allegation of imminent danger within the meaning of the PLRA.    Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for reconsideration, which this Court construes as a motion to dismiss his complaint based on his "three-strikes" status (DE #13) is hereby GRANTED, and plaintiff's complaint is DISMISSED without prejudice.  Should plaintiff wish to continue this case, he shall submit the statutory filing fee of $350.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, along with a motion to reopen the case.  Upon receipt of the motion and full payment, the case will be reopened.    IT IS FURTHER ORDERED that all other pending motions are hereby DENIED as moot.

IT IS SO ORDERED this 25th day of June, 2007.

/s/ Henry L. Jones, Jr.
United States Magistrate Judge